**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**MARY MABINS**                                                                                         **PLAINTIFF**

**v.**                                                              **CIVIL ACTION # 2:10cv130-KS-MTP**

**ALFA INSURANCE COMPANY**                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion to Remand and for Sanctions filed by Plaintiff Mary Mabins [Doc. # 3] (May 25, 2010). Defendant Alfa Insurance Company ("Alfa") opposes the motion. The sole question presented is whether this Court should consider Alfa's Alabama citizenship in determining diversity jurisdiction under 28 U.S.C. § 1332, or whether the Court must consider the citizenship of Alfa's insured, Cobb Construction, Inc., since the action removed is a writ of garnishment. The Court holds that an insurance company retains its own citizenship in a garnishment action because a writ of garnishment is not a direct action, as contemplated by 28 USC § 1332(c)(1). Therefore, the motion to remand is **DENIED**.

## I. BACKGROUND

On October 14, 2009, Mabins, a Mississippi citizen, was awarded a judgment by default in the County Court of Forrest County, Mississippi, against Cobb Construction, Inc., a dissolved Mississippi corporation, in the amount of $171,437.86 at 8% simple interest per annum. Mabins then made a proper suggestion for writ of garnishment against Cobb's insurer, Alfa, to determine Alfa's indebtedness to Cobb. Alfa, an Alabama corporation, invoked diversity jurisdiction under 28 U.S.C. § 1332 and removed the case to federal court. The writ of garnishment was issued by

the Circuit Clerk of Forrest County, Mississippi, and was served on April 28, 2010, and Alfa filed its Notice of Removal within thirty days, on May 24, 2010. Mabins moved for remand, stating that Alfa "steps into the diversity shoes of its insured," and that the Court should therefore consider Alfa a Mississippi citizen for purposes of diversity jurisdiction.

## II. LAW AND ANALYSIS

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). 28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds $ 75,000.00 and the civil action is between citizens of different states. "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing cases).

The amount in controversy clearly exceeds $75,000. The only issue before the court is whether complete diversity exists between the parties. Mabins is clearly a citizen of Mississippi. Mabins argues that the garnishment action should be characterized as a direct action and that 28 U.S.C. § 1332(c)(1) would therefore require Alfa to be viewed as a citizen of the state of the insured, which is Mississippi.[1] Alfa argues that the garnishment action is not a direct action as

---

[1] § 1332(c) states:

For the purposes of this section and section 1441 of this title–

(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability

2

contemplated by § 1332(c)(1) and that Alfa's citizenship remains Alabama, which is the state of its incorporation as well as its principal place of business.

The Fifth Circuit has ruled that garnishment actions are separate actions and subject to removal but has not ruled on this particular citizenship issue, and the Mississippi federal district courts have reached different conclusions.[2] In support of her argument, Mabins cites a Northern District of Mississippi case which held that "the Mississippi garnishment statute providing for the issuance of a writ of garnishment on a suggestion for garnishment filed by a judgment creditor, MISS. CODE. ANN. § 11-35-1, is the equivalent of a direct action statute." *Boston v. Titan Indemnity Co.*, 34 F.Supp. 2d 419, 423 (N.D. Miss. 1999). In its ruling, the Court relied on a Fifth Circuit case that emphasized the legislature's intent to remove "*all* direct actions" for the diversity jurisdiction, and characterized a direct action suit as one in which the plaintiff could sue the insurer without suing the insured. *See id.* at 422-23 (quoting *Hernandez v. Travelers Ins. Co.*, 489 F.2d 721 (5th Cir. 1974)). The *Boston* court held that because the garnishment action was similar to a direct action statute, the insurance company would be deemed a citizen of the same state as its insured, and the court granted the motion to remand. *Id.* at 424.

On the other hand, Alfa relies on the Southern District case of *Freeman v. Walley*, 276

---

insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

[2]The Fifth Circuit has conclusively stated that garnishment actions against third parties are "independent actions from the primary action which established the judgment debt." *Berry v. McLemore*, 795 F.2d 452, 455 (5th Cir. 1986). In *Butler*, the Court stated that a garnishment action was a "new party litigating the existence of a new liability" and that "removal is a matter of federal right." *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

F.Supp.2d 597 (S.D. Miss. 2003), which reached the opposite conclusion. The *Freeman* court noted that the court in *Boston* failed to consider the Fifth Circuit's entire discussion of direct actions in *Hernandez*. *Id.* at 600 (citing *Hernandez*, 489 F.2d at 723). In *Hernandez*, the Fifth Circuit stated that:

> Congress intended that wherever a party claiming to have suffered injuries or damage for which another is legally responsible is entitled to sue the other's liability insuror [sic] without joining the insured *and without having first obtained a judgment against the insured*, the insurer shall be deemed a citizen of the State of which the insured is a citizen as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business, for the purposes of determining whether diversity jurisdiction exists.

*Hernandez*, 489 F.2d at 723 (emphasis added) (quoting *Vines v. United States Fidelity & Guar. Co.*, 267 F.Supp. 436 (E.D. Tenn. 1967)). The *Freeman* court interpreted this to mean that a direct action is not "direct" simply because the insurer is being sued absent the insured, but also because the plaintiff is allowed to sue the insurer before getting a judgment against the insured. *Freeman*, 276 F.Supp. 2d at 602. In other words, a direct action against the insurer would require them to defend the case on the merits, which is not the case here in this garnishment action. Since the *Freeman* opinion was issued, the Northern District of Mississippi has adopted its reasoning over the reasoning in *Boston* in two related cases. *See Estate of Davis v. Magnolia Healthcare, Inc.*, No. 4:05cv122-P-B, 2006 U.S. Dist. LEXIS 43129 (N.D. Miss. June 23, 2006); *Roberts v. Magnolia Healthcare, Inc.*, No. 4:05cv149-P-B, 2006 U.S. Dist. LEXIS 43081(N.D. Miss. June 23, 2006). Having considered the reasoning of *Boston* and *Freeman,* and after reviewing the Fifth Circuit's opinion in *Hernandez*, this Court agrees with the *Freeman* court and holds that a garnishment action such as the one in this case is not a "direct action" as contemplated by §1332(c)(1), and therefore, Alfa would retain its own citizenship of Alabama

4

when determining diversity of citizenship. As Mabins is a citizen of Mississippi and Alfa is a citizen of Alabama, complete diversity exists and the court has proper jurisdiction over the garnishment action.[3]

Neither party has presented a legitimate argument for Rule 11 sanctions. Though the most recent Mississippi district court opinion on this matter followed the *Freeman* interpretation, the Fifth Circuit has not weighed in on this issue, and therefore, there is no controlling precedent on point, merely persuasive authority.

## III. CONCLUSION

This court concludes that complete diversity exists between the parties and that the Court has proper jurisdiction under §1332.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Remand [Doc. #3] is Denied.

SO ORDERED AND ADJUDGED on this, the 23rd day of June, 2010.
    *s/Keith Starrett*
    UNITED STATES DISTRICT JUDGE

---

[3] Even if Cobb remains a party in the garnishment action, Cobb would realign with the plaintiff judgment creditor due to its interest in having Alfa satisfy the judgment against it, and would be considered a party plaintiff for jurisdictional purposes. *See Freeman*, 276 F. Supp. 2d at 602 ("The plaintiff who seeks to collect on his judgment and the insured who is liable on that judgment, have a united interest in securing payment of the judgment from insurance proceeds."); *Boston*, 34 F.Supp. 2d at 421-22 ("Since garnishment of insurance proceeds would be in the county's interest, the court finds that the county should be realigned as a party plaintiff for purposes of determining diversity of citizenship."). Thus, Cobb's Mississippi citizenship would not destroy diversity of citizenship in this case.